J. F. HALE v. STATE.

No. A-2719.    Opinion Filed June 27, 1919.

(181 Pac. 735.)

Appeal from County Court, Garvin County; W. R. Wallace, Judge.

J. F. Hale was convicted of a violation of the prohibitory liquor law, and he appeals. Modified and affirmed.

Stanley & Osborn, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM:. This is an appeal from a conviction rendered against the plaintiff in error in the county court of Garvin county for unlawfully conveying intoxicating liquors. Plaintiff in error was sentenced to pay a fine of $250 and to serve three months' imprisonment in the county jail.

J. F. Hale and Ed Hodge were informed against in the county court of Garvin county, jointly charged with conveying four cases of whisky from a place unknown in said county to a point about two miles west of the town of Foster, in said county. Hodge pleaded guilty and was sentenced to pay a fine of $100 and to serve imprisonment for a period of 30 days. Hale pleaded not guilty, and while the evidence on the part of the state showed that he was riding with Hodge on a farm wagon in which there were being unlawfully conveyed at the time four cases of whisky, that both of the parties had been to Wichita Falls, Tex., where the whisky was procured, and were returning with the same to their home in Garvin county, Okla., the defendant Hale denied any ownership in the liquor or any connection with its conveyance, other than being a passenger with Hodge. The evidence against the defendant Hale, while not nearly so strong as that against Hodge, is sufficient to sustain a conviction on appeal, as it cannot be said there is no evidence of incriminating nature against Hale.

The contention made that certain evidence was erroneously admitted, tending to impeach Hodge, who was used as a witness in behalf of Hale, is without merit, for the reason that the court limited the jury in the consideration of this evidence solely to the purpose of impeaching Hodge as a witness, and the impeaching evidence was material to

the issues joined on the trial. The instructions complained of are not prejudicial and sufficiently cover the law of the case.

The punishment imposed is unusual. Three months' imprisonment and a fine of $250 is the punishment ordinarily imposed upon those who are shown to be more than first offenders. The defendant in this case is a man past 60 years of age, a farmer living in that community for 15 or 20 years, and in view of the evidence against him it is the opinion of the court that the ends of justice will be best subserved by modifying the judgment to provide an imprisonment for a term of 30 days and a fine of $50; and it is ordered that the judgment be thus modified, and, as modified, be affirmed.